WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | CR 11-2608-TUC-DCB(DTF) |
| Plaintiff, |  |
| v. |  |
| Jesus Lucero-Romero, | **ORDER** |
| Defendant. |  |

On November 21, 2011, Defendant wasسentenced to 41 months in prison, followed by 36 months of supervised release after pleading guilty to re-entry after deportation, enhanced pursuant to 8 U.S.C. § 1326(b)(2), for having committed a felony. (Doc. 19: Judgment and Commitment (J&C).) The Plea Agreement contained a waiver of all his appeal rights. (Doc. 15: Plea Agreement at 6.) Nevertheless, on December 2, 2011, the Defendant filed a Motion to Vacate his sentence under 28 U.S.C. § 2255, seeking relief under the Federal Nonviolent Offender Relief Act of 2003. The Court denied the motion because the Nonviolent Offender Relief Act was never enacted by Congress.

On August 28, 2012, the Defendant filed a Motion Pursuant to § 3582(c)(2) to modify his sentence subsequent to a sentencing range being lowered by the Sentencing Commission. Defendant seeks modification of his sentence, pursuant to Sentencing Guideline Amendment 754 to section 2L1.2, effective November 1, 2011, which limits the extent of the enhancement in cases where defendant was deported after a prior predicate conviction, if the prior conviction does not receive criminal history points under

Chapter Four of the Sentencing Guidelines. The amendment is of no benefit to the Defendant because he received criminal history points under Chapter Four. The Defendant received 3 points under 4A1.1(a), which under the amendment was appropriately given because his prior conviction for possession with intent to distribute marijuana involved a sentence exceeding one year and one month, 108 months, and he was incarcerated until 1996, a period of time extending into fifteen-years prior to the instant offense. 4A1.1(a), Application Note 1.

Additionally, Amendment 754 may not be retroactively applied under 8 U.S.C. § 3582(c)(2), which provides:

> Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Guidelines, § 1B1.10(a) specifies: "Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." Subsection (c) of the Sentencing Guidelines, § 1B1.10(c), effective November 1, 2011, does not reflect the addition of Amendment 754.

More importantly, Defendant's plea agreement contained a waiver of his right to appeal his sentence, directly or collaterally, which alone suffices as a basis to deny the motion. *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000); *United States v. Bolinger*, 940 F.3d 478, 479-80 (9th Cir. 1991).

**Accordingly,**

**IT IS ORDERED** that the Defendant's Motion Pursuant to 18 U.S.C. § 3582(c)(2), (doc. 23) is DENIED.

DATED this 27th day of September, 2012.

David C. Bury
United States District Judge